**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Virginia**
**Richmond Division**

| | |
|---|---|
| *In re:* | |
| Andrew P. Gunter | Case No. 13-34737-KLP |
| | Chapter 13 |
| Debtor. | |

| | |
|---|---|
| Andrew P. Gunter | |
| *Plaintiff,* | |
| | Adversary Proceeding No. 14-03064-KLP |
| v. | |
| Leslie Beth Stanford-Tubb | |
| *Defendant.* | |

**ORDER GRANTING JUDGMENT**
**AND DETERMINING DISCHARGEABILITY OF DEBTS**

Upon consideration of the Plaintiff's Complaint Seeking Determination of Dischargeability Pursuant to 11 U.S.C. §§ 1328(a) and 523(a)(15), praying for the Court's entry of an Order of final disposition with regard to the dischargeability of certain debts asserted by the Plaintiff's former spouse, Defendant Leslie Beth Stanford-Tubb, and upon the admission by Defendant, as evidenced by Defendant's signature below that the debts are general, nonpriority, unsecured debts incurred by the Debtor Plaintiff in the course of a divorce and in connection with a separation agreement and divorce decree pursuant to 11 U.S.C. § 523(a)(15), and that the debts are dischargeable upon the entry of Debtor's Chapter 13 Discharge pursuant to 11 U.S.C. § 1328(a), the Court makes the following FINDINGS:

1. This Court has subject matter jurisdiction based upon 28 U.S.C. §§ 157 and 1334;

2. This proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A),(B) and (I);

Jason S. Greenwood (VSB #74941)
Greenwood Law Firm PC
1406 Princess Anne Street
Fredericksburg, VA 22401
(540) 368-5888
*Counsel for Plaintiff*

3. Defendant Leslie Beth Stanford-Tubb was properly served and this Court has personal jurisdiction over Defendant;

4. Plaintiff and Defendant were divorced by Final Decree of the Circuit Court of Henrico County, Virginia, on January 11, 2011 (the "Divorce Decree");

5. Prior to the Divorce Decree, Plaintiff and Defendant entered into a Separation and Property Settlement Agreement (the "PSA") by executing the PSA in the County of Henrico, Virginia, on July 18, 2008;

6. The PSA contained provisions which required the Plaintiff to pay all taxes, insurance, and mortgage payments with regard to the parties former marital residence located at at 3406 Merkner Drive, Glen Allen, Virginia 23060 (the "Residence") until the first deed of trust is paid in full (the "Mortgage Debt");

7. The PSA contained provisions which required the Plaintiff to pay 40% of each monthly installment of Defendant's student loan payments until the student loan balances are paid in full (the "Student Loan Debt", and together with the Mortgage Debt, the "PSA Debts");

8. The Divorce Decree affirmed, ratified and incorporated the PSA into the Divorce Decree;

9. Plaintiff has filed a Chapter 13 Plan (the "Plan") in his lead Chapter 13 case, case number 13-34737 (the "Lead Case"), which surrenders the Residence to the first deed of trust lien holder in satisfaction of its secured claim(s) with regard to the Residence;

10. Plaintiff's Chapter 13 Petition and the Plan treat the Mortgage Debt to Defendant as a general, unsecured, nonpriority debt pursuant to 11 U.S.C. § 523(a)(15);

11. Plaintiff's Chapter 13 Petition and the Plan treat the Student Loan Debt to Defendant as a general, unsecured, nonpriority debt pursuant to 11 U.S.C. § 523(a)(15); and

12. Plaintiff's Chapter 13 Petition and the Plan treat the PSA Debts to Defendant as dischargeable debts, pursuant to 11 U.S.C. 1328(a), upon completion of Plaintiff's Plan payments and the entry of Debtor's Order of Chapter 13 Discharge.

It appearing to the Court to be just and equitable, and it appearing to the Court that all parties are in agreement that judgment is proper in favor of the Plaintiff as to Defendant Leslie Beth Stanford-Tubb, and because the Complaint is otherwise well taken, it is:

**ORDERED** that:

1. With regard to Plaintiff's Complaint Seeking Determination of Dischargeability Pursuant to 11 U.S.C. §§ 1328(a) and 523(a)(15), judgment in favor of Plaintiff is hereby GRANTED as to all counts;

2. In accordance with 11 U.S.C. § 523(a)(15), Plaintiff's Mortgage Debt to Defendant shall be allowed as an unsecured claim and shall be treated as such under the Debtor's Chapter 13 Plan, subject to review and additional objections by the Chapter 13 Trustee in the Lead Case. Defendant shall be allowed thirty (30) days from the entry of this Order within which to file an amended, total debt claim setting forth the total amount owed to date.

3. In accordance with 11 U.S.C. § 523(a)(15), Plaintiff's Student Loan Debt to Defendant shall be allowed as an unsecured claim and shall be treated as such under the Debtor's Chapter 13 Plan, subject to review and additional objections by the Chapter 13 Trustee in the Lead Case. Defendant shall be allowed thirty (30) days from the entry of this Order within which to file an amended, total debt claim setting forth the total amount owed to date.

4. Pursuant to 11 U.S.C. § 1328(a), upon the entry Plaintiffs' chapter 13 discharge any and all portions of the PSA Debts which have not been paid through the Plan shall be discharged in full;

5. In the event of dismissal of the Lead Case or of conversion of the Lead Case to any other Chapter under the U.S. Bankruptcy Code, this Order shall be void and Defendant's Mortgage Debt claim(s) and Student Loan Debt claim(s) shall reinstate in full, less credits for payments made by the Plaintiff through the Plan; and

6. The Clerk will mail a copy of this Order to the parties listed below.

Date: Sep 2 2014

/s/ Keith L. Phillips

Judge Keith L. Phillips
United States Bankruptcy Court

Entered on Docket: Sep 4 2014

I ask for this:

 /s/ Jason S. Greenwood
Jason S. Greenwood (#74941)
GREENWOOD LAW FIRM PC
1406 Princess Anne Street
Fredericksburg, VA 22401-3639
Tel. (540) 368-5888
j.greenwood.@greenwoodlf.com
*Counsel for Plaintiff*

Seen and Consented to:


/s/ Elizabeth L. Gunn
Roy M. Terry, Jr.; Elizabeth L. Gunn (#71044)
Sands Anderson PC
P.O. Box 1998
Richmond, VA 23218-1998
(804) 648-1636
*Counsel for Defendant, Leslie Beth Stanford-Tubb*


Seen and Not Objected to:


/s/ Robert E. Hyman
Robert E. Hyman
P.O. Box 1780
Richmond, VA 23219-1780
(804) 775-0979
*Ch.13 Trustee*

## Local Rule 9022-1(C) Certification

The forgoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).


/s/ Jason S. Greenwood

Jason S. Greenwood



**SERVICE LIST**

**Robert E. Hyman**
Ch.13 Trustee
P.O. Box 1780
Richmond, VA 23219-1780


**Robert B. Van Arsdale**

Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219-1849

**Andrew P. Gunter**
9950 Staples Mill Road A
Richmond, VA 23060

**Leslie Beth Stanford-Tubb**
4674 Rollingwood Lane
Glen Allen, VA 23060

**Jason S. Greenwood**
Greenwood Law Firm PC
1406 Princess Anne Street
Fredericksburg, VA 22401

**Roy M. Terry, Jr.**
Sands Anderson PC
P.O. Box 1998
Richmond, VA 23218-1998